# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMIE JABLONSKI AND HEIDI JABLONSKI § | | |
| PLAINTIFFS, § | | |
| § | | |
| VS. § | CIVIL ACTION NO. 4:24-CV-00793 | |
| § | | |
| APRIL STRICKLAND § | | |
| DEFENDANT. § | | |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Jamie Jablonski (Jamie) and Heidi Jablonski (Heidi) (collectively "Plaintiffs") file this Plaintiffs' First Amended Original Complaint complaining of and against April Strickland ("Defendant"), and respectfully show unto the Court as follows:

## I.

## Parties

1. Plaintiffs are individuals residing in Franklin County, Ohio.

2. Defendant April Strickland is an individual and can be served with process at 7789 Highway 187 S., Iva, South Carolina 29655, or wherever they may be found. **Defendant has already appeared and answered in this case, and service is NOT requested at this time.**

## II.

### Jurisdiction and Venue

3. This district court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs. Plaintiffs Jamie and Heidi Jablonski is and was a citizen of the State of Ohio. Defendant April Strickland was, is, and continuously has been a citizen of the State of South Carolina.

4. Venue is properly before this Court under 28 USC § 1391(a)(2), because a substantial part of the events giving rise to this claim occurred in Tarrant County, Texas. pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

## VI.

### Background

5. On or about September 19, 2022, in Tarrant County, Texas, Plaintiffs were driving through a series of railroad crossings at the intersection of Samuels Avenue and Northeast 23rd Street.

6. Plaintiff Jamie Jablonski was the driver of the vehicle, while Plaintiff Heidi Jablonski was the sole passenger.

7. Defendant was driving in front of Plaintiffs and proceeded onto the tracks when it was unsafe to do so.

8. Defendant began backing up, and, as a result, Defendant recklessly crashed into Plaintiffs' vehicle.

9. As a direct result of Defendant's negligence, Plaintiffs suffered serious injuries and property damage.

10. Immediately after the collision, Defendant admitted fault.

## **VII.**

## **Causes of Action**

11. Defendant owed common-law and statutory duties to exercise ordinary care in the operation of their vehicle. They negligently breached those duties, and that breach proximately caused Plaintiffs' injuries and damages. Specifically, the following acts or omissions constituted negligence:

   a. failing to keep such a lookout as a person of ordinary prudence would have kept under similar circumstances;

   b. failing to operate a motor vehicle attentively;

   c. failing to drive at a reasonable speed;

   d. failing to stop within a safe distance from railroad tracks when oncoming train is visible;

   e. failing to proceed through a railroad crossing with due care;

   f. failing to control their vehicle;

   g. failing to timely apply their brakes so as to avoid a collision with another vehicle;

   h. backing their vehicle up when it was unsafe to do so and other traffic was directly behind;

   i. taking faulty evasive action; and

j.  failing to act as a reasonable person using ordinary care in the same or similar circumstances.

12. Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiffs sustaining injuries and damages that are described below.

## VIII.

## Statutory Violations by Defendant

13. Defendant's violations of state traffic laws constitute negligence per se. This negligence per se was a direct and proximate cause of the collision in questions and the resulting injuries and damages sustained by Plaintiffs. Defendant April Strickland's violations of local ordinances and state traffic laws include without limitation the following, as may be shown at the time of trial of this cause:

a.  Violation of the laws of the State of Texas, including Tex. Transp. Code §545.251(a) in failing to stop within a safe distance there was warning of an approaching railroad train;

b.  Violation of the laws of the State of Texas, including Tex. Transp. Code §545.415(a) by failing to back up their vehicle only when safe and without interference of other traffic;

c.  Violation of the laws of the State of Texas, including Tex. Transp. Code §545.252(b) in failing to proceed through a railroad grade crossing only with due care; and

    d.    Violation of the laws of the State of Texas, including Tex. Trans. Code § 545.401(a) in driving a vehicle in willful or wanton disregard for the safety of persons or property.

14. Defendant failed to comply with the above provision of the Texas Transportation Code and such other provisions as may be shown at trial. Plaintiff is within the class of persons designated to be protected by the above referenced statutes.

15. Negligence per se is a tort concept whereby the civil courts adopt a legislatively imposed standard of conduct as defining the conduct of a reasonably prudent person. The unexcused violation of a statute constitutes negligence as a matter of law if such statute was designed to prevent injury to the class of persons to which the injured party belongs.

    *Moughon v. Wolf*, 576 S.W.2d 603, 604 (Tex. 1978) (internal citations omitted); *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 549 (Tex. 1985) (same).

16. A driver has the right to assume that the driver of another motor vehicle will obey traffic laws. *Cf. Ford v. Panhandle & Santa Fe Ry. Co.*, 252 S.W.2d 561, 567 (Tex. 1952) ("When the fireman first discovered the approach of the automobile[,] he had a right to assume that the driver would stop it before reaching the crossing. Both ordinary care for his own safety and Article 6701d, Sec. 86(d), Vernon's Ann.Civ.St. required that he stop it."); *Shannon v. Horn*, 92 S.W.2d 1090, 1094 (Tex. Civ. App.—Fort Worth 1936, writ dism'd) ("Stewart undoubtedly had the right to believe that Horn would obey the stop sign, and the burden is not upon him to assume that Horn would disregard it…"); *Sheppard v. Judkins*, 476 S.W.2d 102, 110 (Tex. Civ. App.—Texarkana 1971, writ ref'd n.r.e.) (Davis, J.) ("We think Appellee Judkins had a right to presume that the Appellant would obey the penal law, stop at the stop sign, and she could proceed across the highway intersection in safety. In doing

so, she could proceed without any danger of a collision.").

17. Plaintiffs request the Court take judicial notice of the forgoing statutes. "Texas courts are required to take judicial notice of the public statutes of this state." *Kish v. Van Note*, 692 S.W.2d 463, 467 (Tex. 1985) (citing *Evans v. American Publishing Co.*, 13 S.W.2d 358, 361-362 (Tex. 1929)).

## IX.

### Damages

18. As a result of their bodily injuries, which Defendant's negligence proximately caused, Plaintiffs are entitled to reasonable and proper compensation for the following damages:

   a. Actual medical bills incurred by Plaintiffs for which treatment was necessary and for which the amount was reasonable for these types of services in the county Plaintiffs were treated;

   b. Medical care expenses that, in reasonable probability, Plaintiffs will sustain in the future;

   c. Physical pain sustained in the past found to be reasonable and just by the trier of fact;

   d. Physical pain that, in reasonable probability, Plaintiffs will sustain in the future as determined by the trier of fact;

   e. Mental anguish sustained in the past found to be reasonable and just by the trier of fact;

   f. Mental anguish that, in reasonable probability, Plaintiffs will sustain in the future as determined by the trier of fact.

    g.    Physical impairment sustained in the past as determined by the trier of fact;

    h.    Physical impairment that, in reasonable probability, Plaintiffs will sustain in the future as determined by the trier of fact;

    i.    Loss of enjoyment of life;

    j.    Property damage;

    k.    Lost wages;

    l.    Loss of earning capacity;

    m.    Pre and Post judgment interest; and

    n.    Court Costs.

## **X.**
## **Additional Matters**

19. Plaintiff states that all conditions precedent to Plaintiff's claims for relief have been performed or have occurred. *See* Tex. R. Civ. P. 54.

20. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial. *See* Tex. Gov't Code § 54A.106(c).

21. Plaintiff hereby gives actual notice to Defendant that all documents produced in disclosures or discovery may be used at any state of this matter without the necessity of authenticating the document, whether during a pretrial proceeding or at actual trial. *See* Tex. R. Civ. P. 193.7.

22. Plaintiff hereby gives actual notice to Defendant that Plaintiff intends to use the U.S. Life Tables. U.S. Dep't of Health & Human Servs., DHHS Publ'n No. 2019-1120, I.S. Life Tables, 2017 (2019).

## XI.

### Prayer

23. WHEREFORE, Plaintiffs respectfully request that Defendant be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendant for the aforementioned damages, and any other relief, at law or equity, to which Plaintiffs will be justly entitled. Tex. R. Civ. P. 47(d).

Respectfully submitted,

**TRUJILLO GONZALEZ, P.C.**

*/s/ Sean D. Beck*
Sean D. Beck
SBN: 24130952
Ramon Eduardo Gonzalez
SBN: 24097745
1111 W. Mockingbird Ln., Ste. 260
Dallas, TX 75247
Tel: (972) 550-6818
Fax: (469) 983-5600
E-Service: service@tgtriallaw.com
**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I, Sean Beck, hereby certify that on October 9, 2024, I served true and correct copies of Plaintiffs' First Amended Original Complaint to be served via the Court's CM/ECF system.

> */s/ Sean D. Beck*
> Sean D. Beck